**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**JAMES HARRY HEBERT BORDAGES, JR.**,

*Plaintiff*,

v. Case No: 2:25-cv-02717-BCL-atc

**DEPARTMENT OF JUSTICE et al.,**

*Defendants*.

---

**ORDER DISMISSING COMPLAINT UNDER § 1915**

---

On July 14, 2025, Plaintiff, proceeding pro se, filed a complaint against Defendants. Doc. 1. Magistrate Judge Annie T. Christoff[1] issued a Report and Recommendation advising dismissal of this case. Doc. 11. Plaintiff timely objected to the Report. Doc. 12. For the following reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 12) and **ADOPTS** the Report and Recommendation (Doc. 11). Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

**LEGAL STANDARD**

A United States District Court Judge may designate a United States Magistrate Judge to submit proposed findings of fact and conclusions of law for disposition by the District Judge of certain matters. 28 U.S.C. § 636(b)(1). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Written objections to a magistrate judge's

[1] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

findings or conclusions must be specific. *See* Fed. R. Civ. P. 72(b)(2). "[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Section 1915 permits "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see also Neitzke*, 490 U.S. at 328 (explaining that Section 1915 is designed to screen "clearly baseless" claims, which describe "fantastic or delusional scenarios"). Importantly, "[u]nlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true," when screening a complaint under Section 1915, "a judge does not have to accept 'fantastic or delusional' factual allegations as true." *Hill*, 630 F.3d at 471 (first citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), then citing *Neitzke*, 490 U.S. at 327–28).

## BACKGROUND

As stated in the Complaint, Plaintiff alleges that he "has been subjected to unlawful surveillance, exploitation, false imprisonment, medical experimentation without consent, suppression of legal redress, and coordinated obstruction by federal and state officials." Doc. 1 at 1. Plaintiff alleges that the United States Department of Justice, the United States Secret Service, their respective agents, plus the State of Tennessee and State of Texas all "actively collaborated in a prolonged and deliberate conspiracy with federal and other state actors to deprive Plaintiff of his rights." *Id.* at 2. In an attached memorandum, Plaintiff suggests that Defendants have perpetrated "ongoing, unauthorized, and continuous surveillance . . . for fifteen years using government technology to treat personal devices as state-controlled spy tools." Doc. 1-2 at 4.

Plaintiff lists claims for relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Section 1983, Section 1985, and Section 1986, Title 18 United States Code Section 1962(c) and (d), as well as the Federal Tort Claims Act. Doc. 1 at 2–3. Plaintiff seeks declaratory and injunctive relief, attorneys' fees and court costs, in addition to one hundred billion United States dollars in compensatory damages and one hundred billion United States dollars in punitive damages. *Id.* at 3.

## ANALYSIS

The Report "recommended that this case be dismissed *sua* sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of subject matter jurisdiction." Doc. 11 at 1. Plaintiff's objections center on the Report's discussion of Plaintiff's voluminous other civil actions filed in this District. Doc. 12 at 1–6. Plaintiff objects that the Report's analysis is "procedurally unsound," because it "depends on a factual composite that does not exist in the operative pleading." *Id.* at 6.

These objections are **OVERRULED**. The Report correctly noted how Plaintiff claims "Defendants in this case conspired . . . to remotely surveille and control him and that he is entitled to compensation from Defendants resulting from their persistent remote surveillance." Doc. 11 at 4. The Court agrees with the Report that Plaintiff's Complaint is not sufficient to avoid dismissal under Section 1915(e)(2)(B). From Plaintiff's history of unmeritorious filings[2] and the nature of the claims alleged here on their own terms, Plaintiff's Complaint is frivolous on its face. Even at this procedural juncture and under the relaxed standard for pro se pleadings, Plaintiff's claims are "wholly incredible": Plaintiff demands two hundred billion United States dollars in damages stemming from an alleged conspiracy between federal agencies and two state governments to illegally surveil him. *See Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 328. Plaintiff's Complaint is **DISMISSED**.

## CONCLUSION

Plaintiff's Objections (Doc. 12) are all **OVERRULED**. The Court **ADOPTS** the Report and Recommendation (Doc. 11). Defendant's Complaint (Doc. 1) is **DISMISSED**. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 13th day of October, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

[2] When deciding whether to dismiss a complaint, courts may take judicial notice of "facts in a public record that 'are not subject to reasonable dispute'—such as the court's ultimate resolution of a prior case." *Blackwell v. Nocerini*, 123 F.4th 479, 487–88 (6th Cir. 2024).